United States District Court
For The
District Of Vermont

| | |
|---|---|
| In re: ) | |
| ) | |
|    Nicholas W. Stanzione & ) | |
|    Regina C. Stanzione, ) | Chapter 13 Case |
| ) |    No. 07-10163 |
|       Debtors. ) | |
| _____ ) | Adversary Proceeding |
| ) |    No. 07-1011 |
| Nicholas W. & Regina C. ) | |
| Stanzione and Jan M, ) | |
| Sensenich, Chapter 13 ) | |
| Trustee, ) | |
| ) | Docket No. 2:07-cv-243 |
|       Appellants, ) | |
| ) | |
|    v. ) | |
| ) | |
| Bank of America, N.A., ) | |
| ) | |
|       Appellee. ) | |

**Opinion and Order**

Jan M. Sensenich ("Trustee") brings this appeal in his capacity as Chapter 13 Trustee of the estate of Nicholas W. Stanzione and Regina C. Stanzione. The Trustee seeks to overturn the Order of the United States Bankruptcy Court for the District of Vermont dated September 24, 2007, which partially granted Defendant Bank of America, N.A.'s ("Bank of America") motion for summary judgment and denied the Trustee's cross-motion for summary judgment. The Order of the Bankruptcy Court is **affirmed**.

**Factual Background**

The facts of this case are undisputed. They were set forth at length in *Stanzione v. Bank of America, N.A. (In re*

*Stanzione),* No. 07-1011, 2007 WL 2792844 at *1-2 (Bankr. D. Vt. Sept. 24 2007).

Nicholas W. Stanzione and Regina C. Stanzione (collectively the "Debtors") are the debtors in the underlying Chapter 13 case. The Debtors own real estate at 81 High Street in West Burke, Vermont.

On December 31, 2003, the Debtors mortgaged this property in exchange for a $78,750.00 loan from Bank of America. Page 15 of the mortgage deed contains the Debtors' signatures, followed by the word "seal." The bottom of every page of the mortgage deed contains the Debtors' initials: "NWS" and "RCS."[1] The acknowledgment that follows the mortgage deed contains the crimped notary seal of Notary Public Jay M. Stewart ("Notary") as well as the Debtors' initials. However, the acknowledgment does not specifically identify the persons who acknowledged that they were the "signer(s) and sealer(s) of the foregoing" mortgage deed. The space in which those persons' names would normally appear was left blank. The mortgage deed and the acknowledgment were recorded on January 5, 2004, in Book 94 at Pages 554-574 of the Land Records of the Town of Burke.

The Trustee initiated an adversary proceeding to determine the nature, extent and validity of the mortgage and to avoid the

---

[1] This fact was omitted from the parties' and the Bankruptcy Court's recitation of the facts.

lien under 11 U.S.C. §§ 544(a) or 547. Bank of America moved for summary judgment, and the Trustee cross-moved for summary judgment. In a Memorandum of Decision dated September 24, 2007, the Bankruptcy Court granted Bank of America's motion for summary judgment in part and denied the Trustee's cross-motion for summary judgment.[2] The Bankruptcy Court held that the mortgage was valid and therefore not avoidable. The Trustee timely appealed the Bankruptcy Court's Order on October 3, 2007.

The Trustee advances four arguments in this appeal. First, the Trustee argues that the Bankruptcy Court erroneously viewed the witness's signature on page 15 of the mortgage deed as constituting a notarization of the Debtors' signatures. Second, the Trustee argues that the Bankruptcy Court erroneously concluded that the mortgage indicated that both of the Debtors had acknowledged their signatures before the Notary. Third, the Trustee argues that the Bankruptcy Court erroneously considered the mortgage deed and the acknowledgment to be one written instrument rather than two independent instruments. Last, the Trustee argues that the Bankruptcy Court erroneously concluded that the mortgage, as recorded, gives constructive notice to subsequent purchasers.

---

[2] The Bankruptcy Court also denied Bank of America's request for attorney's fees.

**Jurisdiction**

This Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. §§ 158(a)(1).

**Standard of Review**

On appeal from a grant of summary judgment on undisputed facts, the Bankruptcy Court's conclusions of law receive de novo review. *See* Fed. R. Bankr. P. 8013; *Shugrue v. Air Line Pilots Assoc., Int'l (In re Ionosphere Clubs, Inc.)*, 922 F.2d 984, 988 (2d Cir. 1990); *Adler v. Ng (In re Adler)*, 395 B.R. 827, 833–34 (E.D.N.Y. 2008).

**Discussion**

This appeal concerns the validity of a mortgage under Vermont law. Under Vermont law a valid mortgage deed requires 1) the signature of the mortgagor; 2) the acknowledgment of the mortgagor before a notary public or other authorized official; and 3) the recording of the deed and acknowledgment in the town clerk's office. Vt. Stat. Ann. tit. 27, § 341(a) (2006).

If these requirements are met then a mortgage is valid, and gives constructive notice to subsequent purchasers. *Mortgage Lenders Network, USA v. Sensenich*, 873 A.2d 892, 894 (Vt. 2004)(mem.). Constructive notice is "notice with which a person is charged by reason of the notorious nature of the thing to be noticed, as contrasted with actual notice of such thing." *New

*England Fed. Credit Union v. Stewart Title Guar. Co.*, 765 A. 2d 450, 456 (Vt. 2006) (quoting Black's Law Dictionary 314 (6th ed. 1990).

A "deed that is improperly . . . acknowledged is invalid" for failure to provide constructive notice. *Lakeview Farm, Inc. v. Enman*, 689 A.2d 1089, 1093 (Vt. 1997); *see also* Vt. Stat. Ann. tit. 27, § 342 (stating that a mortgage shall not be "effectual to hold such lands against any person but the grantor and his heirs" unless it is properly acknowledged and recorded). "[I]f the only fact evidencing a prior mortgage on a property is the recording of a defective mortgage deed, a subsequent purchaser without actual knowledge of that defective deed would take free and clear of the mortgagee's interest." *Mortgage Lenders*, 873 A.2d at 894(citing *Morrill v. Morrill*, 53 Vt. 74, 78 (1880)).

Nevertheless, if a mortgage deed has been improperly acknowledged a court may correct the impropriety and validate the mortgage by construction. *Wood v. Cochrane,* 39 Vt. 544, 548 (Vt. 1866). The

> principle is well settled . . . that when it is perfectly apparent upon the face of a written instrument that a mere clerical error has been made, and when it is apparent from the face of the instrument what the correction should be, to make the instrument what it would have been if the error had not occurred, courts will correct such error by construction.

*Id. at* 546.

In other words, courts "will treat the instrument the same, and give it the same legal effect and operation as though the error had not been made." *Id*. However, before a court may correct an error by construction, the "mistake must either be admitted and confessed by [a party], or proved by such evidence as admits of no doubt . . . ." *Griswold v. Smith*, 10 Vt. 452, 455 (Vt. 1838). Otherwise, a court "will not interfere to change the tenor of the written contract of the parties." *Id*.

A court may look to the face of a written instrument to determine whether there is proof that admits of no doubt that a mere clerical error was made. *Wood*, 39 Vt. at 548; *see also Richmond v. Woodard*, 32 Vt. 833, 837-38 (1860) (examining written instruments as a whole to determine error and the appropriate correction). A clerical error is not "one of judgment or even of misidentification, but merely of recitation . . . mechanical in nature." *State v. Green*, 782 A.2d 1163, 1165 (Vt. 2001) (quoting *United States v. Guevremont*, 829 F.2d 423, 426 (3d Cir. 1987)).

The Vermont Supreme Court has considered errors in conveyance instruments on several occasions. It held that some were clerical in nature while others were fatal. *See, e.g.*, *Wood*, 39 Vt. at 548 (invalidating a mortgage where the attached acknowledgment contained the name of the grantee instead of the grantor); *Chandler v. Spear*, 22 Vt. 388, 407 (1850) (finding that the omission of a mortgagor's last name in an acknowledgment was

6

not fatal); *Williams v. Bass*, 22 Vt. 352, 356 (1850) (finding that the omission of the seal did not conclusively invalidate a deed); *Brooks v. Chaplin*, 3 Vt. 281, 282 (1831) ("It is not indispensable that the place of taking should fully appear from the acknowledgment itself, provided it can be discovered with sufficient certainty by inspection of the whole instrument."). Two cases are particularly relevant to this Court's analysis.

In *Wood*, the Vermont Supreme Court held that an acknowledgment which showed that the grantee, not the grantor, acknowledged the mortgage deed was fatally flawed. The error was fatal because there was nothing to show that the grantor acknowledged the deed even though he should have acknowledged it. *Wood,* 39 Vt. at 549. Because the wrong name was inserted, a subsequent purchaser would not suspect that an error in the acknowledgment had been made at all. Accordingly, the mortgage would not provide the subsequent purchaser with constructive notice.

In *Chandler*, by contrast, the Supreme Court held that the error of omitting a grantor's last name from the acknowledgment was not fatal where the grantor's first name and middle initial appeared in the acknowledgment. The acknowledgment read "this thirty first day of January, A.D. 1842, Oliver Hale and Daniel Brown, *Richard G.* personally appeared and acknowledged this instrument . . . to be their free act and deed." *Chandler*, 22

Vt. at 407 (emphasis added). The Supreme Court, examining the body of the deed, determined that "Richard G." was supposed to be Richard G. Bailey. "In the body of the deed one of the grantors is described as "Richard G. Bailey, and it is signed and sealed R.G. Bailey." *Id*. Because there was sufficient indication on the face of the acknowledgment as to how the omission of Richard G.'s last name should be corrected, the court proceeded to correct the error by construction. *Id*.

Here, the parties agree that the error in the acknowledgment was the omission of both of the debtors' full names. If this Court can determine, by examining the acknowledgment alone, who acknowledged the mortgage, then it may correct the omission. *Wood*, 39 Vt. at 548; *Chandler*, 22 Vt. at 407.

The presence of the initials "NWS" and "RCS" on the bottom of the certificate of acknowledgment indicate who acknowledged the mortgage deed and how the acknowledgment should be corrected. The initials "NWS" and "RCS," as they appear within the four corners of the acknowledgment, along with the notary's seal, sufficiently indicate that both Nicholas W. Stanzione and Regina C. Stanzione did in fact, acknowledge their signatures. The initials "NWS" indicate that Nicholas W. Stanzione acknowledged his signature and the initials "RCS" indicate that Regina C. Stanzione acknowledged her signature.

This kind of clerical error closely resembles the omission in *Chandler*. The initials here correspond to the mortgagors' names as they appear in the mortgage deed just as the name "Richard G." in the *Chandler* acknowledgment corresponded to the name "Richard G. Bailey," signed and sealed "R.G. Bailey," in the *Chandler* mortgage deed. *See Chandler*, 22 Vt. at 407. Therefore, the acknowledgment at issue can be corrected by construction, and the acknowledgment has the "same legal effect and operation as though the error had not been made." *Wood*, 39 Vt. at 548. The corrected acknowledgment results in a valid mortgage, which gives constructive notice to subsequent purchasers. *See Mortgage Lenders*, 873 A.2d at 894. Therefore, the Trustee may not exercise his avoidance powers under 11 U.S.C. §§ 544(a) or 547 to avoid the mortgage.[3]

### **Conclusion**

Accordingly, the Memorandum of Decision and Order of the Bankruptcy Court dated September 24, 2007 are **affirmed.**

Dated at Burlington, Vermont this 30th day of April, 2009.

/s/ William K. Sessions, III
William K. Sessions, III
Chief Judge, U.S. District Court

---

[3] This Court reaches the same legal conclusion as the Bankruptcy Court—that the mortgage and attached acknowledgment provide constructive notice of Bank of America's interest in the property—by a different route. It is therefore unnecessary to address the Trustee's arguments that the Bankruptcy Court erred in its intermediary steps to this conclusion.